IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEITH EDWARDS, #1877647,<br>　　　　Plaintiff, | §<br>§<br>§ | |
| v. | § | 3:14-CV-0732-L-BK |
| AIR STAR CONCESSIONS LTD.<br>　　　　Defendant. | §<br>§<br>§ | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. 636(b) and Special Order 3, this case was automatically referred to the United States Magistrate Judge. The undersigned granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. For the reasons that follow, this case should be summarily dismissed.

**I. BACKGROUND**

On February 25, 2014, Plaintiff, a state prisoner, filed a *pro se* complaint alleging employment discrimination against Defendant Air Star Concessions Ltd. [Doc. 3 at 1]. He submitted the complaint on the form for filing a complaint under 42 U.S.C. § 1983, but in answer to the Court's questionnaire he confirmed that he was complaining of racial discrimination under Title VII, and that he had received a right-to-sue letter from the Equal Employment Opportunity Commission (EEOC) on February 21, 2013. [Doc. 9 at 3, 5].

**II. ANALYSIS**

Because Plaintiff is proceeding *in forma pauperis*, the complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (allegations of *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers). Even under this most liberal construction, however, Plaintiff's claims fail to state a claim upon which relief can be granted.

"A civil action under Title VII must be brought within ninety days of receipt of a right-to-sue-letter from the EEOC." *Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1191 (5th Cir. 1992)* (citing 42 U.S.C. § 2000e-5(f)(1)). This ninety-day period "is strictly construed" and is analogous to a statute of limitations. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002); *Espinoza v. Missouri Pacific R.R. Co.*, 754 F.2d 1247, 1248 n. 1 (5th Cir. 1985) ("the ninety-day requirement is akin to a statute of limitations."). Thus, any action that does not comply with that requirement should be dismissed. *Id.*

In this case, the EEOC sent a right-to-sue letter to Plaintiff on February 19, 2013. [Doc. 9 at 9]. Plaintiff acknowledges receiving the letter two days later, on February 21, 2013. [Doc. 9 at 5]. February 18, 2014, however, is the earliest possible date on which his complaint can be deemed filed.[1]

---

[1] A *pro se* prisoner's section 1983 complaint is deemed filed as soon as the prisoner deposits it into the prison mail system. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995) (citing *Houston v. Lack*, 487 U.S. 266 (1988)). Plaintiff signed the complaint on February 18, 2014.

Furthermore, equitable tolling is not warranted in this case. Plaintiff does not rely on any of the recognized bases for equitable tolling in Title VII cases. *See Manning v. Chevron Chem. Co.*, 332 F.3d 874, 880 (5th Cir. 2003) (recognizing three potential bases for equitably tolling the 90-day limitations period: (1) the pendency of a suit between the same parties in the wrong forum; (2) the plaintiff's lack of awareness of the facts supporting his claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about his rights). While Plaintiff complains generally about "lack of sufficient law library materials . . . lack of adequate access to the law library while incarcerated," and lack of "knowledge" [Doc. 12 at 1], his incarceration alone does not justify equitable tolling in a Title VII case. *See Robinson v. Builders Choice Concrete Co.*, 375 Fed. Appx. 646, 646 (8th Cir. 2010) (unpublished) (cited cases omitted).

Accordingly, Plaintiff's complaint is time barred and should be dismissed with prejudice. *See Jones v. Bock*, 549 U.S. 199, 215 (2007) (if the allegations of a complaint, "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim"); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993) ("Where it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed").

---

[Doc. 3 at 5]. Thus, the earliest possible date on which Plaintiff could have handed the complaint to prison officials for mailing was February 18, 2014.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be summarily **DISMISSED** with prejudice for failure to state a claim upon which relief can be granted.  *See* 28 U.S.C. § 1915(e)(2)(B).

SIGNED May 13, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE